

**Decided August 15, 1985**

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS
COMMONWEALTH TRIAL COURT

| | | |
|---|---|---|
| FRANCISCO C. CASTRO, | ) | CIVIL ACTION NO. 85-101 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | PARTIAL SUMMARY JUDGMENT |
| | ) | |
| COMMONWEALTH OF THE NORTHERN | ) | |
| MARIANA ISLANDS and MARIANAS | ) | |
| PUBLIC LAND CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Cross-motions for summary judgment were heard on August 14, 1985. Certain facts, as evidenced by the exhibits attached to the motion of the Commonwealth of the Northern Mariana Islands (CNMI), are undisputed.

In March of 1964 a homestead permit was granted to Juan Barcinas (Barcinas) for property known as Lot 221 T 01. On July 3, 1972 Barcinas executed a warranty deed for the property to plaintiff Francisco C. Castro who recorded the deed on July 7, 1972.

Barcinas received his certificate of compliance for his homestead pursuant to 67 TTC 208 on September 18, 1972 which was recorded November 9, 1972. On October 19, 1972 the Trust Territory quitclaimed its interest in Lot 221 T 01 to Barcinas

and the deed was recorded on November 9, 1972. On January 20, 1973 Barcinas executed a warranty deed to Mr. and Mrs. Vicente Santos, which deed was recorded on January 22, 1973.

During 1974 and 1975 the Trust Territory Land Commission and its registration teams held hearings on Tinian for the purpose of determining ownership of property (including Lot 221 T 01) and on November 12, 1974 a determination of ownership was issued finding Lot 221 T 01 to be owned by the Santos'. A Certificate of Title was issued on July 9, 1975 and registered the same day.

On July 24, 1984 the Santos' sold by warranty deed Lot 221 T 01 to the Marianas Public Land Corporation (MPLC) for over $121,000.

The plaintiff claims either the money or title to Lot 221 T 01.

Several issues are raised by the cross motions. First, it is determined that 67 TTC §209 did not invalidate the Barcinas to Castro deed. Barcinas did not transfer his homestead permit to Castro. He deeded his interest in the property albeit prior to receiving his certificate of compliance. That Barcinas had complied with the homestead act by 1972 is clear from the issuance of the certificate of compliance only 2½ months later and the execution of the Trust Territory quitclaim deed to Barcinas in October of 1972. Having complied to the point of being eligible for a certificate of compliance, he could deed his equitable interest. _Sablan v Norita_, 7 TTR 90 (Tr. Div. 1974). By 1972, Barcinas could have required the Trust Territory

272

Government to deed him the property. <u>Cruz v Johnston</u>, 6 TTR 354 (Tr. Div. 1973); 6 TTR 485 (Tr. Div. 1974).

 Defendants also attack the deed on form, asserting that since the signature of Juan Barcinas was not acknowledged, the deed is defective. This argument has no merit. At the time of the recordation of the deed, there was no requirement of acknowledgment.

Next, it is held that the doctrine of after acquired title applies in the case of the quitclaim deed from the Trust Territory to Barcinas after he had deeded the property to Castro. Barcinas would be estopped to deny his title against Castro. 23 AmJur2d, <u>Deeds</u>, §§341-358.

The crux of this case, as the court views it, is whether the recording of the Barcinas-Castro deed on July 6, 1972 provided constructive notice to the Santos' pursuant to the recording statute 57 TTC 11202 (now 1 CMC 3711).

One line of authorities holds that a grantee's right to title acquired subsequently by his grantor is not lost because the grantor conveyed such after-acquired title for value to a grantee without notice to the earlier deed. 23 AmJur2d, <u>Deeds</u>, §358, footnotes 60, 61 and 62.

The other line of authorities holds that a recorded deed by one who has no title, but who afterward acquires the title, is not constructive notice to a subsequent purchaser in good faith from the same grantor. 23 AmJur2d, <u>Deeds</u>, §358 at page 315.

The annotation at 25 ALR 83 discusses these two theories. After a thorough review of the annotations of the cases and the

273

basic theory supporting the doctrine of after acquired title, the court is convinced that the better rule is the latter one.

The doctrine of after acquired title is based upon an estoppel theory. The grantor makes certain representations of ownership and conveys property he/she does not own. When the grantor subsequently attains title, the law declares that he is estopped to deny the grantee title. Thus, the grantee and his successors in title can utilize the deed of conveyance for their chain of title. This prevents a fraud being perpetrated on the grantee. It likewise binds the heirs of the grantor since they are in no better position than the grantor. 23 AmJur2d, Deeds, §341 at page 302.

However, in the case of a bona fide purchaser who does not have actual notice of the prior deed, the situation is completely different, particularly in view of the recording statute. The estoppel may well apply to the grantor and his/her heirs but a bona fide purchaser is not subject to the estoppel. The purchaser should not be required to search the records for conveyances by his vendor prior to the time title vested in him.

It is concluded that it is not just for the original grantee to be able to prevail against a subsequent bona fide purchaser when the latter takes his title after the grantor has acquired his title. This case demonstrates this most adequately.

There is little doubt that if the subsequent grantee has notice of the prior conveyance then the after-acquired title inures as against such subsequent grantee 25 ALR 94. This result, of course, is reached because the subsequent purchaser is

274

not a bona fide purchaser in the complete sense. The equities switch back in favor of the first grantee.

From the record at this stage of the proceedings, the court cannot determine if Mr. and Mrs. Santos paid for and received their deed without actual notice of the Barcinas-Castro deed. This issue can only be resolved by a determination of the facts.

Additionally, it may appear that the plaintiff was fully aware of the Land Commission proceedings, the issuance of the determination of ownership and certificate of title in favor of Mr. and Mrs. Santos and this may allow the defendants to prevail even if Mr. and Mrs. Santos took their deed with notice of the plaintiff's deed. However, this is also a matter to be determined at trial.

Accordingly, partial summary judgment is entered as follows on these issues:

1. Plaintiff Castro's deed received from Juan Barcinas in July, 1972 is not invalid because of public policy or 67 TTC §209 nor is it invalid because it was not acknowledged.

2. That should Mr. and Mrs. Santos be found to have paid valuable consideration without notice of the Castro deed at the time of their purchase of Lot 221 T 01, they will prevail over the plaintiff who must rely upon Barcinas' after acquired title.

3. That the matters of the status of the Santos' as purchasers and the effect, if any, of the plaintiff's failure to

appeal the determination of ownership finding title to be in the Santos' in November of 1974 are matters left for trial.

Dated at Saipan, CM, this 15th of August, 1985.

_____
Robert A. Hefner, Chief Judge